UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SERGIO MENDEZ-GONZALEZ and all others similarly situated under 29 U.S.C. 216(B),

        Plaintiff,

vs.

RODRIGUEZ GROUP HOME, INC.
RODRIGUEZ ALF #2, INC.
LYDIA RODRIGUEZ,

        Defendants.

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS

Plaintiff, SERGIO MENDEZ-GONZALEZ on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, RODRIGUEZ GROUP HOME, INC., RODRIGUEZ ALF #2, INC., and LYDIA RODRIGUEZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant, RODRIGUEZ GROUP HOME, INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant, RODRIGUEZ ALF #2, INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was

the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

5. The individual Defendant, LYDIA RODRIGUEZ, is a corporate officer and/or owner of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff, SERGIO MENDEZ-GONZALEZ, worked as an attendant at Defendant's Assisted Living Facility from on or about June 1, 2011 through on or about March 20, 2012.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Plaintiff was an attendant who worked at Defendants' assisted living facilities which are facilities primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of said institutions, during the time period Plaintiff worked for the Defendants and therefore Defendants' assisted living facilities are an enterprise covered under the fair labor standards act pursuant to 29 U.S.C. 203 (s) (B).

12. Additionally, Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that the Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

13. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, and 2011.

14. Upon information and belief, the Defendant Corporations' gross sales or business done exceeded $125,000 for the first quarter of the year 2012 and is expected to exceed $500,000 for the year 2012.

15. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise

covered under the Fair Labor Standards Act.

16. Upon information and belief Defendant, RODRIGUEZ GROUP HOME, INC., is an assisted living facility that receives federal funding for the years 2009 through 2012.

17. Upon information and belief Defendant, RODRIGUEZ ALF #2, INC., is an assisted living facility that receives federal funding for the years 2009 through 2012.

18. Defendants, RODRIGUEZ GROUP HOME, INC. and RODRIGUEZ ALF #2, INC., are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the corporations, performed through unified operation and/or common control are being done for a common business purpose.

19. Defendants, RODRIGUEZ GROUP HOME, INC. and RODRIGUEZ ALF #2, INC,. were each Plaintiff's joint employer during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant corporations who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same corporate officers for a common business purpose.

20. Between the period of on or about June 1, 2011 through on or about March 20, 2012 Plaintiff, SERGIO MENDEZ-GONZALEZ, worked an average of 150 hours per week and was paid an average of $1.73 per hour, but was never paid overtime wages for any hours worked as required by the Fair Labor Standards Act and Plaintiff therefore claims the time and half rate of the applicable minimum wage rate of $7.25/hr. for each hour worked above 40 in a workweek. During said time period, Plaintiff, SERGIO MENDEZ-GONZALEZ, lived and worked on the premises of RODRIGUEZ ALF #2, INC. During said time period, Plaintiff, SERGIO MENDEZ-GONZALEZ, was required to regularly attend to the mentally ill and aged patients during the night time hours and did not regularly get 3 hours of

uninterrupted sleep. There was, during said time period, no agreement in place regarding time spent sleeping. Plaintiff, SERGIO MENDEZ-GONZALEZ, therefore claims an average of 150 hours worked per week during said time period in accordance with the provisions of 29 CFR 785.22(a) and 29 CFR 785.22(b).

21. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-21 above and further states:

22. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage

was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

23. Between on or about June 1, 2011 through on or about March 20, 2012, Plaintiff, SERGIO MENDEZ-GONZALEZ, worked an average of 150 hours per week for Defendants, but was only paid $1.73/hr. Said payment of $1.73/hr is in violation of the Fair Labor Standards Act as said payment did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable minimum wage of $7.25/hr.

24. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming minimum wage violations under the Fair Labor Standards Act.

25. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds

reasonable under the circumstances. *The Plaintiffs request a trial by jury*.

                                        Respectfully Submitted,

                                        J.H. Zidell, Esq.
                                        J.H. Zidell, P.A.
                                        Attorney For Plaintiff
                                        300 71st Street, Suite 605
                                        Miami Beach, Florida 33141
                                        Tel: (305) 865-6766
                                        Fax: (305) 865 – 7167

                                        By:__/s/ J.H. Zidell_____
                                            J.H. Zidell, Esq.
                                            Florida Bar Number: 0010121