UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-21176-CIV-KING

SERGIO MENDEZ-GONZALEZ,

    Plaintiff,

v.

RODRIGUEZ GROUP HOME, INC.,
RODRIGUEZ ALF #2, INC., and
LYDIA RODRIGUEZ,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Partial Summary Judgment (DE #18), filed June 25, 2012. Therein, Plaintiff seeks summary judgment solely on the issue of enterprise coverage under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") as relevant to this Court's subject matter jurisdiction. Defendants did not file a response. The Court has reviewed Plaintiff's motion, relevant caselaw and the record evidence submitted in support of the Motion.[1] Based upon a thorough review of the record, the Court finds that there are no genuine issues of material fact to preclude

---

[1] By not responding, Defendants fail to contradict any evidence submitted by Plaintiff. Pursuant to Rule 56(e), the Court is permitted to consider facts cited with support by a movant but left uncontroverted by the nonmovant as undisputed for purposes of ruling on a summary judgment motion. See Fed. R. Civ. P. 56(e); see also *Head v. Cornerstone Residential Management, Inc.*, No. 05-80280-CIV, 2010 WL 3781288, at *2 n. 2 (S.D. Fla. Sept. 22, 2010) (finding that under Local Rule 7.5(d), "[u]nless a particular undisputed fact from [movant's] statement is directly addressed by [nonmovants], the [movants'] statements which are supported by evidence in the record, are deemed admitted.").

1

partial summary judgment on the issue of enterprise coverage.

On March 26, 2012, Plaintiff Sergio Mendez-Gonzalez ("Mendez-Gonzalez") filed this claim to recover overtime and minimum wages under FLSA. Plaintiff alleges that Defendants' assisted living facilities are an enterprise covered under FLSA pursuant to 29 U.S.C. 203(s)(B), because they are "facilities primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of said institutions." (Compl., DE #1, at ¶11). Plaintiff worked as an attendant at Defendants' assisted living facilities, where his tasks included taking care of clients, cleaning and cooking. *Id.*; Dep. of Lydia Rodriguez, DE #19-1, at p. 15:5–14. Defendant Lydia Rodriguez is the owner of ALF 1, Defendant ALF 2, and Defendant Rodriguez Group Home.[2] (Pl.'s S.O.M.F., DE #19, ¶3); Rodriguez Dep. at p. 12:4–9.

Plaintiff now moves for partial summary judgment on the isolated issue of whether Defendants are subject to the requirements of the FLSA under enterprise coverage. An employee may establish a claim for overtime and minimum wage compensation under the FLSA by establishing either individual or enterprise coverage. *Scott v. K.W. Max Invs., Inc.*, 256 F. App'x 244, 247 (11th Cir. 2007). Plaintiff contends that the undisputed facts show that the FLSA applies in this matter because Defendants' business qualifies for enterprise coverage under the definition set forth in 29 U.S.C. § 203(s)(1)(B). Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[2]It is undisputed that the three companies are a common business enterprise, as they are owned, controlled, and operated together by Defendant Rodriguez. Rodriguez Dep., at pp. 12:4–13:19.

judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*.

To establish enterprise coverage, a plaintiff must demonstrate that his employer is an "enterprise engaged in commerce or the production of goods for commerce." See 29 U.S.C. § 207(a)(1); *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). The FLSA provides, in pertinent part, that such an enterprise includes one that:

> "(B) is engaged in the operation of . . . an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution. . . .;"

29 U.S.C. § 203(s)(1)(B).

Plaintiff argues that Defendants' business is "an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution." (Pl.'s Mot., DE #18, at 4). By not responding to Plaintiff's Motion, Defendants fail to deny this material fact. Based on this alone, the Court is permitted to accept Plaintiff's factual assertion as true. *See* Fed. R. Civ. P. 56(e)(2) ("If a party fails ... to

properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion."); *Celotex*, 477 U.S. at 324 (finding that once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to provide "specific facts showing that there is a genuine issue for trial."); *see also* n. 1, *supra* at p. 1.

Plaintiff, however, also has provided the deposition testimony of Defendant Lydia Rodriguez in support of its Motion. Defendant Rodriguez testified that the primary function of Defendant Rodriguez Group Home is to care for the mentally disabled and handicapped persons who live at the facility. Rodriguez Dep., at p. 18:3–24. Defendant Rodriguez additionally testified that the primary function of ALF 1 and Defendant ALF 2 is to help drug addicts who live at each facility. *Id.* at p. 19:9–24. Therefore, the Court finds that the uncontroverted Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment (DE #19) and the undisputed deposition testimony of Defendant Rodriguez show that Defendants' business is a covered enterprise pursuant to 29 U.S.C. § 203(s)(1)(B).

Accordingly, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1. Plaintiff's Motion for Partial Summary Judgment **(DE #18)** is hereby **GRANTED**. The Court finds as a matter of law that Defendants are subject to the requirements of FLSA under enterprise coverage.

2. Defendants shall **ANSWER** Plaintiff's Complaint **(DE #1)** within twenty (20) days of the date of this Order.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 18th day of July, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for Plaintiff*

**K. David Kelly**
J.H. Zidell, PA
300 71st Street, Ste. 605
Miami Beach, FL 33141

**Jamie H. Zidell**
300 71st Street
Suite 605
Miami Beach, FL 33141

*Counsel for Defendant*

**Anthony Maximillien Georges-Pierre**
Remer & Georges-Pierre, PLLC
Court House Tower
44 West Flagler Street
Suite 2200
Miami, FL 33130